UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHIRLEY C. WILLIAMS, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No. 2:06 cv 353 |
| JOHN E. POTTER, Postmaster General, | ) ) ) ) |
| Defendant | ) ) |

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss, or in the Alternative, on the Motion for Summary Judgment filed by the defendant, John E. Potter, Postmaster General of the United States, on November 30, 2007. For the reasons set forth below, the Motion to Dismiss is **GRANTED,** and this matter is **DISMISSED WITHOUT PREJUDICE.**

Background

The plaintiff, Shirley C. Williams, has filed a claim under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e-16(c). The United States Postal Service employed Williams for several years, during which time Williams alleged that the Postal Service discriminated against her based on her race and sex. Williams further alleged that she was retaliated against her for her Equal Employment Opportunity complaint by subjecting her to a hostile work environment from February 5, 2003 through May 12, 2005. At the conclusion of evidence at the administrative hearing, Williams accepted a dismissal of most of her original complaints, leaving Williams' hostile work environment claim.

Williams filed her initial charge with the Equal Employment Opportunity Commission in 2005. The EEOC administrative hearing on her claim occurred on December 13-15, 2005. In a letter dated July 24, 2006, Michael L. Garrett, Manager, Equal Employment Opportunity Compliance and Appeals, notified Williams of the Postal Service's final action, the administrative judge's finding that Williams failed to prove discrimination, her right to an appeal, and the administrative procedure that Williams was required to follow if she pursued a civil action. (Declaration of Wolfgang Grundner, Exhibit 1, pp. 3-4) The Postal Service mailed its Final Agency Decision to the Equal Employment Opportunity Commission's Office of Federal Operations on August 25, 2006. Williams requested an appeal on August 25, 2006 and withdrew this EEOC appeal on September 18, 2006, before the EEOC could complete a review of it. (Grundner Dec. ¶¶ 6, 7) As a result of this withdrawal, the EEOC terminated its review of Williams' appeal without rendering a decision on the merits. (Grundner Dec, ¶ 7)

Williams subsequently filed the federal complaint on October 25, 2006. The defendant, Postmaster John E. Potter, contended in his Motion to Dismiss that Williams failed to exhaust her administrative remedies before filing suit in district court, rendering her allegations moot. Potter moved for a Federal Rule of Civil Procedure 12(b)(1) dismissal for lack of subject matter jurisdiction due to plaintiff's alleged failure to exhaust administrative remedies, or in the alternative, for summary judgment. He has contended that Williams abandoned the administrative

process when she withdrew her appeal and failed to exhaust her administrative remedies.

## Discussion

Williams brought her claim under Title VII of the Civil Rights Act of 1964, which "forbids employment discrimination against 'any individual' based on that individual's 'race, color, religion, sex, or national origin.'" ***Burlington Northern & Santa Fe Railroad Company v. White***, 548 U.S. 53, 56, 126 S.Ct. 2405, 2408, 165 L.E.2d 345 (2006) (*citing* Pub. L., 88-352, § 704, 78 Stat. 257, as amended, 42 U.S.C. §2000e-2(a)). Title VII's separate antiretaliation provision "seeks to prevent harm to individuals based on what they do, *i.e.*, their conduct." ***Burlington Northern***, 548 U.S. at 63, 126 S.Ct. at 2412. The provision "forbids an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." 42 U.S.C. §2000e-3(a).

Title VII requires an aggrieved party

> to file a charge of discrimination with the EEOC before going to court. 42 U.S.C. §2000e-5(e)(1). If the EEOC dismisses the charge, it informs the claimant by certified mail that a civil action may be brought against the employer within 90 days of receipt of the letter. 42 U.S.C. §2000e-(f)(1). Like a statute of limitation, compliance with the 90-day time limit is not a jurisdictional prerequisite, but rather a "condition precedent" to filing suit, and is subject to equitable modification.

3

> *Simmons v. Illinois Dep't of Mental Health & Developmental Disabilities*, No. 95-1547, 1996 WL 19262 at *2 (7th Cir. Jan. 18, 1996)(quoting *Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir. 1991))

Potter filed a motion to dismiss for failure to exhaust administrative remedies under Rule 12(b)(1), which relates to subject matter jurisdiction. However, "a failure to exhaust administrative remedies should not be evaluated under Rule 12(b)(1) for lack of subject matter jurisdiction." *H.H. ex. Rel Hough v. Indiana Board of Special Education Appeals*, 501 F.Supp.2d 1188, 1192 (N.D. Ind. 2007) (citing *Mosley v. Board of Education of City of Chicago*, 434 F.3d 527, 532 (7th Cir. 2006) (holding that plaintiff's failure to exhaust administrative remedies in an Individuals with Disabilities Education Act case was an affirmative defense and not a jurisdictional bar). The Seventh Circuit "has described the exhaustion requirement . . . as a claims-processing rule, pointing out that 'lack of exhaustion usually is waivable, as lack of jurisdiction is not.'" *Mosely*, 434 F.3d at 533 (quoting *Charlie F. v. Board of Education of Skokie School District 68*, 98 F.3d 989, 991 (7th Cir. 1996))

Because "the failure to exhaust administrative remedies is not a jurisdictional issue . . . the Court will analyze this motion under Rule 12(b)(6) rather than Rule 12(b)(1)." *Davis v. Potter*, 301 F.Supp.2d 850, 855-56 (N.D. Ill. 2004) (citing *Boutte v. Principi*, No. 02 C 1916, 2003 WL 262425 at *1 (N.D. Ill. Jan. 27, 2003)). Rule 12(b)(1) "provides that a case must be dismissed if the court lacks subject matter jurisdiction, . . . [whereas]

4

[t]he purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case." ***Mooney v. Bayfield Construction Company***, No. 94 C 7769, 1995 U.S. Dist. Lexis 9303 at *4-5 (N.D. Ill. June 28, 1995); ***Gibson v. City of Chicago,*** 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, because the "failure to exhaust administrative remedies is an affirmative defense that must be proved by the defendant, and not a jurisdictional issue," rather than applying Rule 12(b)(1), this court reviews the plaintiff's alleged failure to exhaust administrative remedies under Federal Rule of Civil Procedure 12(b)(6). ***Weigel v. J.W. Hicks Inc.,*** No. 3:05 CV 735, 2007 WL 2076033 at *4 (N.D. Ind. July 18, 2007). Rule 12(b)(6) provides that

> [e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . failure to state a claim upon which relief can be granted.

Under Rule 12(b)(6), a claim must be dismissed when the plaintiff has failed to state a claim upon which relief can be granted. "Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted since, in ruling on a motion to dismiss pursuant to Rule 12(b)(6) as well as Rule 12(b)(1), the court must construe the complaint's allegations in the light most favorable to the plaintiff." ***Mooney***, 1995 U.S. Dist. Lexis 9303

at *4-5; ***Thompson v. Illinois Department of Professional Regulation,*** 300 F.3d 750, 753 (7th Cir. 2002). Under a Rule 12(b)(6) standard, the court accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the complaint. ***Tamayo v. Blagojevich***, 526 F.3d 1074, 1081 (7th Cir. 2008). The court asks "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which it rests." ***Mosely***, 434 F.3d at 533. To prevail, "the defendant must demonstrate that 'the plaintiff's claim, as set forth by the complaint, is without legal consequence.' " ***H.H. ex rel. Hough***, 501 F.Supp.2d at 1193 (*quoting* ***Gomez v. Ill. State Bd. of Educ.***, 811 F.2d 1030, 1039 (7th Cir. 1987)). Nevertheless, the complaint "must allege facts sufficiently setting forth the essential elements of the cause of action." ***St. John's United Church of Christ v. City of Chicago***, 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied*, 2008 WL 593773 (U.S. May 12, 2008) (No. 07-1127) (*quoting* ***Bell Atlantic Corp. v. Twombly***, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

A plaintiff is bound by the exhaustion of remedies requirement, which serves several purposes: "(1) to permit an agency to exercise its discretion and expertise; (2) to develop technical issues and a factual record prior to judicial review; (3) to prevent circumvention of agency procedures; and (4) to avoid unnecessary judicial review by allowing agencies to correct errors." ***Brett v. Goshen Community School Corporation***, No. 3:97

CV 426, 1998 WL 792186 at *3 (N.D. Ind. Oct. 6, 1998)(*citing*

***Bills by Bills v. Homer Consolidated School District No. 33-C***,

959 F.Supp. 507, 511 (N.D. Ill. 1997)).

In the context of Title VII, the timeline under which a plaintiff may exhaust administrative remedies regarding the appeal of an Administrative Judge's opinion is:

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.
>
> 29 C.F.R. §1614.407

Accordingly, whether the court reviews this matter under Rule 12(b)(6) or Rule 12(b)(1), the standard that employees "may bring suit in district court after [the] Equal Employment Opportunity Commission either renders its decision on appeal or fails to take action within 180 days," 42 U.S.C. §2000e-16(c), still applies.

Even considering Williams' attachments, her complaint does not meet this standard. The Administrative Judge conducted Williams' EEOC hearing on December 13-15, 2005. Williams filed her request for appeal on August 25, 2006. In a letter dated September 6, 2006, the EEOC advised Williams of the procedure and timeline for filing documents for her appeal and provided infor-

7

mation regarding her right to a civil action. The letter also directed her to the applicable federal regulations regarding the appeals process on the Equal Employment Opportunity Commission's website. (*See* Exh. B, p. 2) Williams withdrew her appeal on September 18, 2006, a mere 24 days after filing it and 12 days after receiving the EEOC letter regarding the appeals process and her right to a civil action. She filed her federal lawsuit on October 25, 2006, 37 days after she withdrew her appeal and 61 days after filing the appeal.

Under no circumstances can this court construe these facts to demonstrate that Williams met the statutorily mandated period of time required for filing a civil suit, either "within ninety days of the receipt of the [Equal Employment Opportunity] Commission's final decision on an appeal, or after one hundred eighty days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. §1614.407. Because Williams withdrew her appeal before the Commission made a final decision on it, the 90 day provision does not apply in this situation. Furthermore, by withdrawing her appeal, Williams terminated her appeal process, thus preventing the Equal Employment Opportunity Commission from rendering a final decision.

Because Williams withdrew her appeal, the lack of a decision on the merits of her appeal is attributable to Williams, not to the Commission. Williams abandoned the administrative process – the Commission did not terminate it. Once Williams began the

administrative process, she therefore was required to complete it, because "Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies, 42 U.S.C. §2000e-16(c), which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief." *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). "If plaintiff could sue before then, the time of the courts and of lawyers would be wasted with cases that ended up being resolved or abandoned at the administrative level." *Hill*, 352 F.3d at 1145 (*referencing* *Tolbert v. U.S.*, 916 F.2d 245, 249 n.1 (5th Cir. 1990) (*per curiam*)).

Although "[a]s a pro se litigant, [a] [p]laintiff is permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney," *Cintron v. St. Gobain Abbrassives, Inc.*, 2004 WL 3142556 at *1 (S.D. Ind., Nov. 18, 2004) (*citing* *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), "[n]onetheless, the substantive law applicable to her claims cannot be ignored simply because of her pro se status." *Cintron*, 2004 WL 3142556 at *1(*citing* *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). Similarly, although Williams is a *pro se* litigant, "[i]n deciding the applicability of the exhaustion doctrine to a particular circumstance, a court must be concerned over whether allowing all similarly situated individuals to bypass the administrative process would seriously impair the agency." *Brett*, 1998 WL 792186 at *4. The court must consider the following:

> Certain failures to exhaust may deny the administrative system important opportunities "to make a factual record" for purposes of classification, or "to exercise its discretion to apply its expertise" in the course of decision making. There may be a danger that relaxation of exhaustion requirements, in certain circumstances, would induce "frequent and deliberate flouting of administrative processes" that Congress has created.
>
> ***Brett***, 1998 WL 792186 at *4 (*quoting **McGee v. U.S.***, 402 U.S. 479, 483, 91 S.Ct. 1565, 1568, 29 L.Ed.2d 47 (1971))

Although the court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." ***Lee v. Wal-Mart Stores***, No. 3:92 CV 465, 1994 WL 899240 at *1 (N.D. Ind. Apr. 12, 1994). The court has

> never suggested that procedural rules in ordinary civil litigation would be interpreted so as to excuse mistakes by those who proceed without counsel, [and] [a]s we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."
>
> ***Lee***, 1994 WL 899240 at *1 (*quoting **Mohasco Corp. v. Silver***, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980))

Therefore, statutory law required Williams to exhaust her administrative remedies as a procedural mater before she pursued her civil claim in federal court.

Because she failed to wait the statutorily prescribed time period between filing her appeal and filing her federal claim, Williams failed to follow proper procedure and did not exhaust her administrative remedies. Because it "remains true that such litigants [*pro se*] must conform to the procedural requirements imposed on everyone who seeks or who has gained access to the federal courts," **Richee v. Velasco**, No. 02 C 7761, 2002 WL 31749175 at *1 (N.D. Ill. Dec. 9, 2002), and Williams failed to do so at this time, she has failed to state before the federal court a claim upon which relief can be granted. *See* **Allen v. Runyon**, No. 97 C 8701, 1998 WL 474130 at *3 (Aug. 6, 1998) (*citing* **Baunchand v. Runyon**, 847 F.Supp. 449, 450 (M.D. La. 1994) (noting that some "courts have found that failure to file a timely *formal* administrative complaint is . . . tantamount to not stating a proper judicial claim under 42 U.S.C. §2000e-16(c)").

_____

For the foregoing reasons, the Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. It is unnecessary for the court to consider Potter's alternative Motion for Summary Judgment, and this matter is **DISMISSED WITHOUT PREJUDICE.**

ENTERED this 25th day of September, 2008

s/ ANDREW P. RODOVICH
United States Magistrate Judge